## HAZELTINE CORPORATION v. CROSLEY CORPORATION.

### No. 183.

District Court, S. D. Ohio, W. D.

July 2, 1941.

Marechal & Noe, of Dayton, Ohio (Laurence B. Dodds and Henry T. Kilburn, both of New York City, of counsel), for plaintiff.

Alden D. Redfield and Allen & Allen, all of Cincinnati, Ohio (Samuel E. Darby, Jr., and Floyd H. Crews, of Darby & Darby, both of New York City, of counsel), for defendant.

DRUFFEL, District Judge.

Plaintiff brings this action charging infringement by defendant of two MacDonald Patents, No. 1,913,604 (claims 1, 6, and 8), and No. 2,022,514 (claims 5, 22, 24 and 25), the former being a division of the latter, and are directed to the antenna circuit of radio receivers.

Defendant denies infringement, and challenges the validity of the patents, alleging: The claims are broader than the invention; the claims are not supported by the disclosures; double patenting; want of invention, etc.

The purpose of the invention is to provide for more uniform amplification over the entire broadcast band, thus overcoming one of the then (1924-1925) serious problems inherent in Tuned Radio Frequency Receivers, i. e., much more amplification at higher frequencies than lower frequencies.

To overcome this problem and others incident thereto, MacDonald proposed changing the then prevailing low inductance primary coil in the antenna circuit to a high inductance primary coil in the antenna circuit, by increasing the turns on the primary coil so much that the inductive effect of the primary coil predominated over the capacity effect of the antenna alone.

The following from the Patent Office decision (Def.'s Ex. 109) appears to be controlling on the issue of infringement:

"These counts do not positively recite an inductance, as an element separate and distinct from an antenna, to insure the antenna circuit showing inductive reactance throughout the received wavelength range. Furthermore, in view of the clear suggestion in Q. S. T. of November, 1924, that a load coil may be placed in an antenna circuit for the purpose specified, no invention is seen in placing such a coil in the antenna circuit * * *. The citation from Morecroft also teaches that a loading coil may be employed to increase the natural wave length of an antenna. * * *" Page 28.

"This statement does not mean that invention is not present in so constructing a loading coil for an antenna circuit that re-

776

gardless of the size of antenna used the antenna circuit is inductively reactive for the longest receivable wave * * *." Pages 28, 29.

"Proposed counts 6, 7 and 8 have been found patentable by the primary examiner. * * * However, each of said proposed counts is restricted to a system including:

" 'a coil in said antenna circuit of a value insuring that said antenna circuit is inductively reactive throughout said range of wave lengths.' " Pages 32, 33.

Counsel are in sharp disagreement on the scope of the patent. Counsel for plaintiff contend that the patent covers the antenna circuit including the high inductance primary coil, while counsel for defendant contend "The only invention which was found to be present was in making the coil itself large enough (i. e., enough turns) so that it, 'as an element separate and distinct from an antenna' would insure the antenna circuit showing inductive reactance throughout the received wave length range regardless of the size of antenna used."

■■■ If the contention of defendant is correct, defendant's accused radio receiver does not infringe because it is admitted by plaintiff that the inductance value of the primary coil in the antenna circuit is 850 k. c., which is well within the broadcast band (R. 152 and 309). On the other hand if plaintiff's contention is correct defendant would infringe. Although defendant's accused receiver standing alone would not resonate at a frequency below the tuning range, defendant sells the receiver with instructions (Pl.Ex. 7) in which it is recommended: "This receiver, for local operation, will operate very satisfactorily with a limited indoor antenna from 20 to 30 feet in length, etc."

Thus with the added inductance value of the recommended antenna as if attached, the antenna circuit of defendant's accused set would be resonant at a frequency below the tuning range, and would infringe plaintiff's patents.

"Where defendants manufactured a device capable of an infringing use, and sold it with the intent that it shall be so used, they infringe a patent, * * *." Sandusky Foundry & Machine Co. v. De Lavaud et al., 6 Cir., 274 F. 607.

"Patent must be limited to applicant's specific construction and its scope restricted to actual structure described or equivalents thereof not found in prior art structures."

E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852.

On this point the following from plaintiff's trial brief (p. 9) is illuminating:

"* * *. In addition to the desire to make the effectiveness of the set more uniform over the frequency range, MacDonald, * * * was striving to simplify the controls on the receiver or to make what later became known as a "unicontrol receiver" in which all the adjustable tuning condensers were actuated in unison by a single control knob.

"After giving much thought to these problems, MacDonald proposed to substitute a coil of many turns as the primary coil of the antenna transformer and thereby to secure a very high inductance. * * *

"Esteeming Professor Hazeltine as an authority on receiver design, MacDonald suggested this to him but Hazeltine discouraged him because of the well-known fact that an increase in the number of primary turns would increase the undesired effects on the following circuit.

"But MacDonald persisted and after several months he finally convinced Hazeltine that his proposal would work because he proposed to increase the number of turns so much that a point would be reached where the undesired effect no longer continued to increase and where it began to decrease. MacDonald proposed to increase the primary turns so much that the inductive effect of the primary coil predominated over the capacity effect of the antenna alone and the antenna circuit therefore became inductive throughout the broadcast range and was resonant below the lowest frequency in the range as contrasted with the prior antenna system which was capacitive throughout the range and resonant above the highest frequency in the range."

Both Mr. MacDonald and Professor Hazeltine testified to the same effect at the trial.

Thus reduced to its actual and literal meaning, MacDonald simply "proposed to substitute a coil of many turns as the primary coil of the antenna transformer, and thereby to secure a very high inductance."

■■ Because of the Patent Office decision and particularly the restriction limiting the patents to a system including "a coil in said antenna circuit of a value,* * *" and plaintiff's stipulation (R. 309): "We are willing to concede that that set (Pl.Ex. 4-Def.'s Accused Set) does not include an antenna primary winding which itself, with-

out any other connected instrumentalities, is resonant below the band, and that the patent does not disclose an antenna transformer having a primary winding of such character," this court has no alternative but to find as a matter of fact that plaintiff has failed to sustain the burden of proof on the issue of infringement, and concludes as a matter of law that defendant is entitled to judgment on that issue.

In view of the foregoing the court deems it unnecessary to pass upon the issues of want of invention, etc.

An entry may be prepared to conform hereto, with exceptions.